UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOSHUA AARON BELL,                          )
                                            )
            Plaintiff,                      )
                                            )
       v.                                   )   No. 1:06-CV-155-TCM
                                            )
PERRY COUNTY SHERIFF'S DEPARTMENT,          )
et al.,                                     )
                                            )
            Defendants.                     )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Joshua Aaron Bell (registration no. n/a) for leave to commence this action without payment of the required filing fee.[1]

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt

---

[1] The Court requested plaintiff to submit a certified copy of his prison account statement, and in response, plaintiff informed the Court that, inspite of his verbal and written requests, he has "received no response." In light of these facts, the Court will not assess an initial partial filing fee at this time.

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint, supplemental complaint, and amended complaint**

Plaintiff, a pretrial detainee at the Perry County Jail ("PCJ"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Perry County Sheriff's Department, Gary Schaff (sheriff), Wayne Craft (captain), Chris Tulloc (sergeant), Tina Lukefahr (food service employee), and Patti Taylor (office manager).

Affording the complaint [Doc. #1], supplemental complaint [Doc. #5], and amended complaint [Doc. #7] a liberal construction, plaintiff is alleging that (1) while confined as a pretrial detainee, he has been "physically weakened and affected psychologically" by the small, "unsafe and unsanitary," nutritionally-unbalanced, meals that he receives at PCJ; (2) PCJ is

misappropriating state and federal funds; (3) PCJ charges $.25 per grievance response,[2] and after filing a grievance, plaintiff is threatened "that if [he] continue[s] to complain the conditions of confinement already unconstitutional will only get worse"; (4) he has been harassed and "locked down with no write up"; (5) he broke his hand after slipping and falling in an unsafe PCJ shower; (6) defendants are denying him medical treatment for his hand by "making [him] self pay . . . for the surgery" that he needs; and (7) PCJ does not have a law library, and although plaintiff has a court-appointed attorney, "[she] is not enough . . . and only wants to discuss plea agreements," and plaintiff has "no ability to [persuade] the courts or come close to protecting [his] rights.

## Discussion

Plaintiff's claims relative to meals (claim #1), grievances (claim #3), lock-down (claim #4), unsafe prison shower conditions (claim #5), and denial of medical treatment because of his inability to "self-pay" (claim #6) survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that each defendant reply to the aforementioned claims.

Plaintiff's claim that PCJ is misappropriating state and federal funds (claim #2) does not rise to the level of a

---

[2]Specifically, plaintiff claims that "if you don't have 25 [cents] you don't receive an answer or any kind of redress at all." As such, and because plaintiff has no money, his "requests and grievances that [he files] go unanswered."

3

constitutional violation and will be dismissed as legally frivolous.

Last, to the extent that plaintiff is alleging he has been denied access-to-the-courts (claim #7), the claim is legally frivolous, because he does not allege that he has suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint [Doc. #1], supplemental complaint [Doc. #5], and amended complaint [Doc. #7].

**IT IS FURTHER ORDERED** that plaintiff's claims regarding the misappropriation of state and federal funds (claim #2) and denial of access-to-the-courts (claim #7) are **DISMISSED**, without prejudice, because they are legally frivolous and/or fail to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall file a reply to plaintiff's claims relative to meals (claim #1), grievances (claim #3), lock-down

(claim #4), unsafe prison shower conditions (claim #5), and denial of medical treatment due to his inability to "self-pay" (claim #6). Defendants shall do so within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #7] is **DENIED** as moot.[3]

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this <u>9th</u> day of February, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3]Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend a pleading once as matter of course any time before a responsive pleading is served. If a responsive pleading has been filed, a plaintiff is required to obtain leave of Court prior to filing an amended complaint. To date, no responsive pleading has been filed in this case. As such, under these circumstances, plaintiff may file his amended complaint without obtaining leave of Court.