UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA AARON BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV00155 RWS |
| | ) | |
| PERRY COUNTY SHERIFF'S DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Tina Lukefahr's Motion to Set Aside Default Judgment [#31]. Pursuant to Federal Rule of Civil Procedure Rule 55(c), Lukefahr moves this Court to set aside the entry for default entered against her on May 1, 2007 in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. Because I find that Lukefahr has shown "good cause" for her failure to plead or otherwise defend against this action, I will grant Lukefahr's motion.

*Background*

On February 26, 2007, Lukefahr was served with a summons and complaint for this action. Lukefahr was required to appear and file a responsive pleading on or before March 19, 2007. On April 12, 2007, I entered an Order noting that Lukefahr had failed to appear or answer on or before that date and directing Plaintiff Joshua Aaron Bell to file an appropriate motion for entry of default and for default judgment, supported by all necessary affidavits and documentation. On April 25, 2007, Bell filed a motion for entry of default and for default judgment requesting that a default judgment be entered against Lukefahr, but failed to provide an affidavit or any other sworn statement or testimony in support of damages, which are necessary

for the entry of a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. On May 1, 2007, the clerk of this Court entered the default of Lukefahr pursuant to Rule 55(a). At this time, I have not entered a default judgment under Rule 55(b).

*Standard*

There is a strong judicial preference for an adjudication on the merits and any doubts about setting aside an entry of default should be resolved in favor of setting it aside. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Rule 55(c) of the Federal Rules of Civil Procedure allows the Court to set aside an entry of default upon a showing of "good cause." The same factors are typically considered in deciding whether to set aside an entry of default under Rule 55(c) and in deciding whether to set aside a default judgment under Rule 60(b). Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783-84 (8th Cir. 1998). However, the factors are less stringently applied with regard to setting aside an entry of default under Rule 55(c) because it is likely that a party who promptly attacks an entry of default, rather than waiting for the grant of a default judgment, was guilty of oversight and wishes to defend the case on the merits. Id.

In determining whether there is "good cause" to set aside a default judgment, the Eighth Circuit considers: "(1) whether the conduct of the defaulting party was blameworthy or culpable; (2) whether the defaulting party had a meritorious defense; and (3) whether the other party would be prejudiced if the default were excused." Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001) (quoting Johnson v. Dayton Elec. Mfg. Co., 140 F.3d at 784).

*Analysis*

<u>Blameworthy or Culpable Conduct</u>

Lukefahr argues that her conduct was not blameworthy or culpable in that she was under a wrong, but reasonable, impression that she was represented in this action and that she was not at risk of default. The claims alleged against Lukefahr in this action are related to her employment with Consolidated Management, Inc. ("CMI"). In her affidavit accompanying this motion, Lukefahr states that upon being served with the summons and complaint, Lukefahr immediately contacted and forwarded the information to her supervisors at CMI. Lukefahr states that her superiors at CMI informed her that they would arrange for counsel to appear and answer on her behalf in this action. Lukefahr argues that the failure to have counsel appear in this action on behalf of Lukefahr was not an intentional disregard of my deadlines or procedures. Rather, according to Lukefahr's affidavit and that of her supervisor Rick Levi, the failure was the result of a miscommunication that resulted in CMI being under the belief that Lukefahr would be represented as part of Perry County Sheriff's Department's joint defense in this action and CMI informing Lukefahr that the matter was being handled. Upon receiving the notice of entry of default on May 5, 2007, Lukefahr promptly filed this motion to set aside default within fourteen days of the filing of the entry of default. I find that Lukefahr's conduct "did not exhibit an intentional flouting or disregard of the court and its procedures, and it only briefly delayed the litigation." <u>Johnson v. Dayton Elec. Mfg. Co.</u>, 140 F.3d at 785. Thus, I conclude that Lukefahr was guilty of only a marginal failure for which relief from default should be granted *if* she has a meritorious defense and Bell will not suffer significant prejudice. <u>Id.</u>

### Meritorious Defense

Lukefahr argues that she has a meritorious defense to this action. In her affidavit, Lukefahr testifies that each inmate at Perry County Jail receives three meals per day, all of which are properly prepared and properly cooked as required. Lukefahr also states that all meals served at Perry County Jail are reflected in a prepared menu, which is reviewed and approved by a nutritionist employed by CMI to ensure that the suggested food items contain the proper amount of calories and will meet the inmate's necessary daily nutritional values. Lukefahr states that meals are not served until they are approved by the nutritionist. Lukefahr's affidavit supports her assertion of a meritorious defense against Bell's allegations that he was served meals at the Perry County Jail that lacked nutritional value, were undercooked , or were otherwise inadequate.

### Prejudice to the Other Party

Finally, Lukefahr argues that Bell will not be prejudiced by this motion being granted. Other than the entry of default addressed in this motion, the only other pleadings filed in this case have been the initial responsive pleadings of the co-defendants. There has been no discovery conducted in this case and a scheduling order has not yet been entered in this case. Therefore, there are no current deadlines in this case that would be delayed if Lukefahr's motion is granted. I find that Bell will not be prejudiced by my granting of this motion.

*Conclusion*

Lukefahr is entitled to the more lenient "good cause" standard because no default judgment has been entered in this action and, upon receiving notice of the entry of default, Lukefahr immediately took the necessary actions to have an attorney appear on her behalf to defend this action on its merits. Johnson v. Dayton Electric Manufacturing Co., 140 F.3d at 783-84. As discussed above, considering the factors established for the purposes of setting aside

an entry of default under Rule 55(c) and the Court's preference for an adjudication on the merits, I will grant Lukefahr's motion to set aside the entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tina Lukefahr's Motion to Set Aside Default [#31] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of May, 2007.