UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA AARON BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:06CV00155 RWS |
| | ) | |
| PERRY COUNTY SHERIFF'S DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Perry County Sheriff's Department's Motion to Dismiss [#12]. Defendant argues that Perry County Sheriff's Department is not an entity that is capable of being sued.

A local governmental entity, such as a county sheriff's department, which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions Federal Rule of Civil Procedure 17. Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992); Catlett v. Jefferson County, 299 F. Supp. 2d 967, 969 (D. Mo. 2004).[1] The Court therefore looks to Missouri law to determine whether the Sheriff's Department is subject to suit in this Court under Section 1983. Catlett, 299 F. Supp. 2d at 969. The Missouri Supreme Court held long ago that departments of a municipality cannot be sued unless statutory authorization to sue and be

---

[1] The Eighth Circuit has cited the Dean decision in at least two unpublished decisions for the proposition that sheriff's departments are not usually considered legal entities subject to suit under Section 1983. See Wade v. Tompkins, 73 Fed. Appx. 890, 893 (8th Cir. 2003) (unpublished per curiam) (affirming summary judgment on Section 1983 claim against Arkansas sheriff's department); De la Garza v. Kandiyohi County Jail, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (unpublished per curiam) (affirming dismissal of Section 1983 claims against Minnesota county jail and sheriff's department).

sued has been given to the departments:

> The health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort; and this for the reason that if liability exists, the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action.

American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City, 285 Mo. 581, 227 S.W.114, 116 (Mo. 1920). At least one Missouri decision has held that a county sheriff's department is not a legal entity capable of being sued. See White v. Camden County Sheriff's Department, 106 S.W.3d 626, 631 (Mo. App. S.D. 2003); see also Jordan v. Kansas City, Mo., 929 S.W.2d 882, 887-88 (Mo. App. W.D. 1996) (city's Neighborhood and Community Services Department was not a legislatively created entity but instead was an administrative arm of the city, which lacked a legal identity apart from the city and therefore was not a suable entity).[2]

I therefore find that Perry County Sheriff's Department is not an entity that is capable of being sued and will grant Defendant Perry County Sheriff's Department's Motion to Dismiss [#12].

---

[2]These cases are properly contrasted with Missouri decisions holding that certain legislatively-created subagencies of cities may be sued. See, e.g., Pippins v. City of St. Louis, 823 S.W.2d 131 (Mo. App. E.D. 1992) (Land Revitalization Authority of the City of St. Louis was a separate suable entity from the City of St. Louis, as it was expressly created a corporation by statute); American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City, 285 Mo. 581, 227 S.W.114, 116-17 (Mo. 1920) (The board of police and the police systems in the cities of Kansas City and St. Louis are not departments of their respective city governments as these are statutorily-created entities, and any legal action against them must be asserted against the members of the board of police commissioners).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Perry County Sheriff's Department's Motion to Dismiss [#12] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2007.